**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA

v.

OBED LOPEZ,

Defendant.

Case No. 5:25-cr-04750-MIS

## ORDER DENYING DEFENDANT'S MOTION TO CONTINUE

THIS MATTER is before the Court on Defendant Obed Lopez's ("Defendant") Motion to Continue ("Motion"), ECF No. 189, filed on May 1, 2026. Upon review of Defendant's Motion, the record, and the relevant law, the Court will deny Defendant's Motion.

Defendant requests the Court continue his trial. *Id.* at 1. Defendant gives no alternate date or date range. *See generally id.* The pretrial conference is scheduled for four weeks from now, with jury selection scheduled to begin a week later. *See* Scheduling Order at 2, ECF No. 86. Defendant requests a continuance so his counsel has "more time to investigate" the case. Mot. at 1, ECF No. 189. Defendant's motion is not opposed by the Government. *Id.*

Reviewing a Motion to Continue requires the Court to examine "four factors: (1) the diligence of the party seeking the continuance; (2) the likelihood the continuance, if granted, would have accomplished the stated purpose; (3) the inconvenience to the opposing party, witnesses, and the court; and (4) the need for the continuance and any harm resulting from its denial. *United States v. Glaub*, 910 F.3d 1334, 1345 (10th Cir. 2018) (citation omitted). "The final factor is the most important." *United States v. Orr*, 692 F.3d 1079, 1100 (10th Cir. 2012) (citation omitted). The factors favor denial, and the Court will deny Defendant's Motion accordingly.

As to the first factor, Defendant's Counsel entered her appearance on March 2, 2026, a week after Defendant's arrest and two weeks after his indictment. *See* Mot. at 1, ECF No. 189. This is the first motion filed by Defendant Lopez. The Court has had no reason to question her diligence, but also no reason to consider her particularly diligent. The first factor neither favors nor disfavors a continuance.

As to the second factor, whether a continuance would accomplish the stated purpose, the Court finds it would not. Defendant bases his request on his counsel's need to "investigate his base," but Defendant's Counsel neither outlined what work she has done to investigate her client's case, nor what work remains. *See id.* Discovery concluded nearly two months ago, *see* Scheduling Order at 1, ECF No. 86, and Defendant's Counsel has been attached to the case since shortly after her client's indictment and arrest, *see* Mot. at 1, ECF No. 189. Defendant's Counsel has not explained why more time is necessary. The second factor does not favor a continuance.

As to the third factor, a delay would inconvenience the Court, witnesses, and, based on his opposition to Defendant Jensen's continuance request, ECF No. 178 at 2, at least one codefendant. The Government is not opposed to this request; therefore, the Court assumes it is not inconvenienced. Mot. at 1, ECF No. 189. Defendant does not inform the Court whether he reached out to any of his codefendants regarding this request. *See id.* The Court, however, scheduled this trial fourteen weeks ago and has little space to move it backward in the calendar due to other pending trials. As the deadline to declare expert witnesses has passed for both parties, Scheduling Order at 1, ECF No. 86, a continuance would inconvenience witnesses counting on the schedule as issued. Finally, Defendant Ortega opposed Defendant Jensen's request to continue, ECF No. 178 at 2, and filed a separate motion to sever requesting a bench trial, ECF No. 174, indicating he

is prepared to move forward and is inconvenienced by further delay. The third factor does not favor a continuance.

Finally, as to the most important factor, the Court sees no harm in denying the instant Motion. Defendant has been aware of the trial deadline for nine weeks, and trial is still five weeks away, with the pretrial conference still four weeks away. *See* Notice of Hr'g, ECF No. 190. Defendant has had all material information for nearly two months, s*ee* Scheduling Order at 1, ECF No. 86, and could have requested this continuance at any time. Defendant's delay in making this request, and the lack of specificity in it, indicates to the Court that little to no harm will come from delay and Defendant's Counsel had sufficient time to prepare. The fourth factor does not favor a continuance.

As three of the four factors favor denial and the fourth is neutral, the Defendant's Motion for Continuance is denied.

Accordingly, it is **HEREBY ORDERED** that Defendant Lopez's Motion to Continue, ECF No. 189, is **DENIED**.

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE

3